UNITED STATES DEPARTMENT
OF AGRICULTURE,

PLAINTIFF

v.

BETH R. BIBBER,

DEFENDANT

**CIVIL ACTION NO.: 2:25-cv-00228-JAW**

**AFFIDAVIT OF Ebony Woods-Bey IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

**(Title to Real Estate Involved)**

NOW COMES Ebony Woods-Bey and, being duly sworn, says as follows:

1.    My name is Ebony Woods-Bey, and I reside in Saint Louis, MO.   I am employed as a Foreclosure Specialist by USDA/RD (the "Owner" or "Plaintiff"), which owns the loan at issue in this case (the "Loan"). The statements that I make in this Affidavit are true to my personal knowledge, including my personal knowledge of all documents and records to which this Affidavit refers. The exhibits attached to this Affidavit are true copies of the original documents, except that personally identifiable information, if any, has been redacted from those copies.

2.    As the current owner of the Loan, Plaintiff maintained and maintains business records regarding all transactions regarding the Loan between Plaintiff and the borrower under the terms of the Loan, Beth R. Bibber (the "Borrower" or "Defendant"), with respect to the Loan. In my capacity as a Foreclosure Specialist, of the Owner, I have under my custody and control all records regarding those transactions. I have personally examined these records, which are kept in the ordinary course of the Owner's business in accordance with the Owner's practice of making such records and which were made at or near the time of the transactions by, or from information transmitted by, a person with personal knowledge of the facts set forth in said records.   These

records are kept in the course of the Owner's regularly conducted business activities and were made by the regularly conducted activity as a regular practice of the Owner. By training and experience, I am also familiar with the steps which the Owner takes to ensure the accuracy of information and documents it obtains when it originates a loan, including the steps it took in this regard with respect to the Loan.

3. On or about May 28, 1991, Defendant executed and delivered a promissory note (the "Note") to Plaintiff in the original principal amount of $85,00.00. A true copy of the Note is attached hereto as **Exhibit 1** and is incorporated herein.

4. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about May 28, 1991, granted a certain Mortgage Deed (the "Mortgage" and with the Note, the "Loan Documents") to Plaintiff. A true copy of the Mortgage is attached as **Exhibit 2** to this Affidavit and is made a part hereof.

5. The Mortgage is recorded in the Lincoln County Registry of Deeds at Book 1693, Page 159.

6. The property described in and covered by the Mortgage is the Property located at or about 147 Pension Ridge Road, Town of Boothbay, County of Lincoln, State of Maine.

7. Plaintiff that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same.

8. As of the date of this Affidavit, defaults exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due on March 28, 2015, and all other payments that have come due thereunder.

9. As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage.

10. On or about March 20, 2025, and pursuant to 14 M.R.S.A. § 6111 and/or the terms of the Mortgage, Plaintiff caused that certain Notice of Default and Right to Cure to be served on Defendant via certified mail, returned receipt requested and First-Class mail (the "Notice to Cure"). A true copy of the Notice to Cure as served on the Defendant, together with proof of mailing of the same, collectively are attached as **Exhibit 3** to Affidavit and are made a part hereof.

11. As of March 14, 2025, the total debt evidenced by the Note and secured by the Mortgage amounted to $305,563.34, consisting of $90,020.56 in principal, $180,925.00 in overdue accrued interest, and $34,617.78 in protective advances and other fees. Interest continues to accrue on the outstanding principal balance at the default interest rate of 8.75% per annum, which equates to approximately $21.5803 per day, beginning on and after March 14, 2025.

12. As of March 17, 2026, the amount due and owing to the Plaintiff under the terms of the Note and the Mortgage totaled $315,975.18, and consisted of the following:

| | |
|---|---|
| Principal | $90,020.56 |
| Interest to March 17, 2026 | $87,076.63 |
| Other Fees | $138,877.99 |
| TOTAL | **$315,975.18** |

These amounts do not include attorneys' fees and costs thus far billed to me in connection with this current foreclosure action. Additional interest continues to accrue on the principal portion of this balance at the rate of $21.5803 per day after that date

13. Under the terms of the Loan Documents, repayment of all costs, including reasonable attorney fees, incurred by the USDA in enforcing its rights under the Mortgage, are secured by the Mortgage.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on 3/16/2026.

Ebony Woods- Bey
Foreclosure Specialist by USDA/RD

MIRIAN DEBORAH JACKSON
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 19075595
My Commission Expires 04-28-2027